IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAMUEL J. GARDNER, #108632,
      Petitioner,

vs.                             Case No.: 4:08cv118/MMP/EMT

WALTER A. McNEIL,
      Respondent.
_____/

**ORDER**

      Now pending is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The filing fee has been paid.

      Petitioner is a state prisoner incarcerated at Hamilton Correctional Institution Annex. Following a jury trial, Petitioner was convicted in the Circuit Court in and for Leon County, Florida, of capital sexual battery (Doc. 1 at 1). Petitioner was sentenced on August 20, 1987, to life in prison, with a minimum mandatory of twenty-five (25) years (*id.*). In the instant petition, Petitioner acknowledges that he previously filed a petition for writ of habeas corpus challenging his conviction and/or sentence in the United States District Court for the Northern District of Florida, Gardner v. Singletary, Case No. 4:96cv3/WS (*id.* at 3). The court takes judicial notice that the petition was denied with prejudice (*see* Gardner v. Singletary, Case No. 4:96cv3/WS (Doc. 58)).

      Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). Some types of collateral challenge do not render subsequent habeas petitions "second or successive." *See* McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time

notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486-87, 120 S.Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-44, 118 S.Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir. 1998) (habeas petition filed after previous petition has been dismissed without prejudice to allow petitioner to pursue state remedies is not "second or successive"); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997) (same); Camarano v. Irvin, 98 F.3d 44, 46-47 (2d Cir. 1996) (same); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

However, in the instant case, Petitioner's first federal habeas petition was denied with prejudice. Because Petitioner filed the instant petition challenging the same conviction, and his prior federal habeas petition was denied with prejudice, the instant petition is "second or successive." Therefore, unless Petitioner has obtained the requisite permission from the Eleventh Circuit Court of Appeals to file the instant petition, this district court would be precluded from considering the merits of the petition.  Accordingly, Petitioner shall be required to demonstrate that he has obtained the requisite certification from the Eleventh Circuit.

Accordingly, it is **ORDERED**:

1.     Petitioner shall have **THIRTY (30) DAYS** from the date of docketing of this order to submit a statement signed under penalty of perjury stating whether he has obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his second federal habeas petition and, if not, why the instant petition should not be dismissed as second or successive.

2.     Petitioner's failure comply with this order will result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this <u>25th</u> day of April 2008.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**