IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAMUEL GARDNER, #108632,
Petitioner,

vs. Case No.: 4:08cv118/MMP/EMT

WALTER A. McNEIL,
Respondent.
_______________________________________/

**REPORT AND RECOMMENDATION**

Now pending is Petitioner's response to an order of this court directing him to show cause why the instant habeas action should not be dismissed for lack of jurisdiction (*see* Docs. 6, 7). The filing fee has been paid.

Petitioner is a state prisoner incarcerated at Hamilton Correctional Institution Annex. Following a jury trial, Petitioner was convicted in the Circuit Court in and for Leon County, Florida, of capital sexual battery and sentenced to life imprisonment with a minimum mandatory of 25 years (Doc. 1 at 1). In the instant petition, Petitioner acknowledges that he previously filed in this court a petition for writ of habeas corpus, that the petition was denied, and that the appeal of that decision was denied (*id.* at 3). Indeed, the court notes that Petitioner filed a section 2254 petition in Gardner v. Singletary, Case No. 4:96cv3/WS. In that petition, Petitioner challenged his capital sexual battery conviction on the following grounds: (1) the trial court erred in the denial of a demand for statement of particulars and motion to dismiss, in violation of due process and the right to a fair trial; (2) ineffective assistance of counsel in that Petitioner was denied his right to speedy trial; (3) ineffective assistance of counsel in that counsel abandoned speedy trial rights by negligent actions/inactions, substitute counsel failed to file a notice of discharge due to speedy trial violations, and substitute counsel failed to object to an improper jury instruction requiring jury to have a unanimous verdict;

and (4) ineffective assistance of appellate counsel . Gardner v. Singletary, Case No. 4:96cv3/WS, (N.D. Fla. Aug. 12, 1998), Doc. 55 at 7, 10, 12, 13. Following a Report and Recommendation, the claims were rejected upon either procedural grounds or the merits. *Id.*, Docs. 55, 58. Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, and the appellate court denied a certificate of appealability. *Id.*, Doc. 89.

Petitioner has now filed another section 2254 petition in which he lists the same conviction as the "judgment of conviction/sentence under attack" (*see* Doc. 1 at 1). This court issued an order directing Petitioner to state whether he obtained an order from the Eleventh Circuit authorizing this court to consider his successive petition and, if not, why the instant petition should not be dismissed (Doc. 6).

Petitioner responded by submitting a response, stating two (2) new grounds for relief that he alleges were unknown to him at the time he filed his previous petition (Doc. 7 at 1). Petitioner states that since filing his previous petition for habeas relief, he has learned that the Miranda waiver that he signed at the Leon County Sheriff's Office was defective (*id*.). Additionally, Petitioner states that the victim's clothing was destroyed and "counsel never tried to locate the evidence — which Fla. Supreme Court required for a defendant to file a 30853 [sic] or a 30850 B1 [sic] motion to obtain DNA evidence []" (*id*. at 1–2). Petitioner appears to claim that he should be allowed to file a "second or successive" habeas petition because the "DNA laws" have changed since he filed his previous petition, and he should now be allowed to file a habeas petition to facilitate finding and testing the victim's clothing for DNA evidence (*id*. at 2–3).

Petitioner has failed to show that this court has jurisdiction to consider his petition. As Petitioner was advised (*see* Doc. 6), pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 2337, 136 L. Ed.2d 346 (1996); In re Medina, 109 F.3d 1556, 1561 (11th Cir. 1997).

It is well established that some types of collateral challenge do not render subsequent habeas petitions "second or successive." *See* Slack v. McDaniel, 529 U.S. 473, 487, 120 S. Ct. 1595, 1605,146 L. Ed.2d 542 (2000) (dismissal of petitioner's section 2254 claims for failure to exhaust

state remedies does not render subsequent petition second or successive); Stewart v. Martinez–Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed.2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later section 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (section 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status). Petitioner's first federal habeas petition is clearly not a challenge or claim, like those described in the aforementioned cases, and therefore the instant petition is "second or successive."

In the instant case, the claims in Petitioner's first federal habeas petition were denied on either procedural grounds or the merits. Thus, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A). Furthermore, it is obvious from the record that Petitioner has failed to obtain the requisite permission from the Eleventh Circuit in order to file this petition.[1] This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's habeas petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

[1]In his response to the court's order to show cause, Petitioner requests that the court grant him an extension of time to obtain permission from the Eleventh Circuit to file a second or successive petition (Doc. 7 at 2).

At Pensacola, Florida this 17th day of June 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**